**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| LEAH RODEMAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  7:21-CV-20 (WLS) |
| | : | |
| CITY OF VALDOSTA BD. OF EDUC., | : | |
| or, in the alternative, VALDOSTA CITY | : | |
| SCH. DIST., WARREN LEE, LIZ | : | |
| SCHUMPHARD, TYRA HOWARD, | : | |
| DEBRA BELL, and KELISA BROWN, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**ORDER**

Plaintiff moves to remand her claims to the Superior Court of Lowndes County Georgia contending that the Court lacks jurisdiction to hear the claims. (*See* Doc. 11). For the reasons set forth below, Plaintiff's Motion (Doc. 11) is **GRANTED**.

**I.    PROCEDURAL HISTORY**

On March 20, 2020, Plaintiff Leah Rodemaker filed a Petition for Temporary and Interlocutory Injunctive Relief in the Superior Court of Lowndes County, Georgia, on behalf of her husband ("Mr. Rodemaker"), who was the head football coach at Valdosta High School. (Doc. 1-3). After filing several amendments while the case was in state court, Plaintiff filed her Third Amended Complaint ("Complaint") in January of 2021, which alleged that Defendants' decision not to renew Mr. Rodemaker's contract resulted in a loss of consortium. (Doc. 1-33). Defendants removed the case to this Court on February 22, 2021. (Doc. 1).

Meanwhile, on April 23, 2020, Mr. Rodemaker filed his own lawsuit in this Court asserting claims against the same Defendants under 42 U.S.C. §§ 1981 and 1983 for racial discrimination. (*See* Doc. 11-4) (*Rodemaker I*) (7:20-CV-75-HL). After this Court dismissed that lawsuit, Mr. Rodemaker filed a second lawsuit asserting a Title VII claim. (7:21-CV-76-HL) (*Rodemaker II*). Defendants filed motions to dismiss and motions for summary judgment,

1

arguing that the judgment in *Rodemaker I* barred the claims in *Rodemaker II*. All three cases—*Rodemaker I* and *II* and Plaintiff's case—were presided over by the late Honorable Hugh Lawson.

On September 3, 2021, the late Honorable Hugh Lawson entered an order staying the above-captioned case pending the resolution of Defendants' motions in *Rodemaker II*. (Doc. 21). Judge Lawson ultimately granted those motions, and Mr. Rodemaker filed a notice of appeal. (*See* Doc. 22 at 2). On October 26, 2022, the Court entered an order continuing the stay of this case pending the outcome of Mr. Rodemaker's appeal. (Doc. 27). On August 5, 2024, the Court of Appeals for the Eleventh Circuit affirmed the Court's order granting summary judgment to Defendants. *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318 (11th Cir. 2024). The Circuit held that Mr. Rodemaker's Title VII claims were barred by res judicata. *Id.* at 1331. The Court was informed that Mr. Rodemaker intended to appeal the Eleventh Circuit's decision to the United States Supreme Court. (Doc. 33). The Court continued the stay in Plaintiff's case pending the outcome of Mr. Rodemaker's appeal. (Doc. 34). The Supreme Court denied Mr. Rodemaker's Petition for Certiorari on May 19, 2025. (Doc. 38).

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction. District courts may hear cases only in which there has been either a constitutional or congressional grant of jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Generally, a defendant may remove a civil action in instances where the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a)-(b). Under 28 U.S.C. § 1447(c), however, the Court must remand any action in which the Court lacks subject matter jurisdiction. All doubts about jurisdiction should be resolved in favor of remand to state court, "because removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)).

Congress has granted federal district courts jurisdiction to hear cases which arise under federal law. 28 U.S.C. § 1331. However, the case must be remanded to state court if it appears that the federal court lacks jurisdiction. *Id.* In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction. *Rae v. Perry*, 392 F. App'x 753,

755 (11th Cir. 2010). In making its decision, the Court must consider "only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents[, and] if that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213–15 (11th Cir.2007), cert. denied, 553 U.S. 1080, 128 S.Ct. 2877, 171 L.Ed.2d 812 (2008).

## III.    ANALYSIS

Plaintiff argues that her Complaint does not plead a federal question. (Doc. 30 at 4). Indeed, her Complaint plainly lacks any federal causes of action and contains only claims arising under state law. (Doc. 1).

However, Defendants oppose the remand (Doc. 13), arguing that the four-part test set out in *Gunn v. Minton* requires the Court to hear the claim. 568 U.S. 251, 258 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.") A failure by Defendants to demonstrate any prong means the Court must remand the case. Here, the issue rises and falls on the first prong: does Mrs. Rodemaker's claim for loss of consortium with her husband necessarily raise a federal question simply because it is derivative of her husband's 42 U.S.C. § 1981 claim, which proceeded in a separate lawsuit?

Defendants argue that Mrs. Rodemaker's loss of consortium claim is derivative of Mr. Rodemaker's § 1981 claim, therefore raising a federal issue. (Doc. 13). Defendants are only correct about the derivative nature of Mrs. Rodemaker's claim. "Under Georgia law, loss of consortium claims are derivative actions that stem from the rights of a spouse. Where an individual possesses no right to recover, his or her spouse likewise possesses no right to recover." *Brown v. Publix Super Markets*, Inc., 626 F. App'x 793, 798 (11th Cir. 2015). However, Mr. Rodemaker's right to recover is not being litigated in this case. It was litigated in his own separate case. Any Court considering Mrs. Rodemaker's claim for loss of consortium will be bound by the decision in Mr. Rodemaker's case. In other words, the Court will not re-litigate Mr. Rodemaker's case simply because the success of his case is a prerequisite for the success of Mrs. Rodemaker's loss of consortium claim. Such an effort would disrespect the decisions

of the court which heard Mr. Rodemaker's case and needlessly waste this Court's resources.[1] At most, a federal issue is present in Plaintiff's state cause of action. But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813 (1986). Because Defendants' argument against remand fails at the first prong of the relevant test, the Court need not consider the other three prongs.

## IV.    CONCLUSION

For the reasons explained above, Plaintiff's Motion (Doc. 11) is **GRANTED**. The above-styled action is **REMANDED** in its entirety to the Superior Court of Lowndes County, Georgia.

**SO ORDERED**, this 21st day of July 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Defendants plainly acknowledge this fact, because they argue that Plaintiff's loss of consortium claims are barred by res judicata, precisely because her husband's claims have been separately litigated and decided. (Doc. 32 at 7). To argue that this case raises a federal question because the Court would have to consider the husband's § 1981 claim while arguing in the same breath that this Court cannot consider the § 1981 claim begs logic and credibility.